The People of the State of Illinois, Plaintiff-Appellee, *v.* Charles Snarich, Defendant-Appellant.

(No. 55606; )

First District—December 29, 1971.

Cotton, Watt, Jones, King & Bowlus, of Chicago, (Russell Woody, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Thomas R. Mulroy, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County, finding defendant guilty of battery. The defendant was fined $100 and placed on probation for six months.

The issue on appeal is whether the defendant was proved guilty beyond a reasonable doubt.

The defendant, Charles Snarich, signed a complaint against Irving Z. Lee and his son, Bertram Z. Lee, alleging they committed a battery against him on May 13, 1970, in violation of Section 12—3 of the Criminal Code (Ill. Rev. Stat., ch. 38). Irving Lee signed a cross complaint against Charles Snarich, alleging that he committed the same offense against him on the same day. At a bench trial in the Circuit Court of Cook County the two cases were joined for trial. Irving and Bertram Lee were found not guilty and Charles Snarich was found guilty on the cross complaint.

The altercation arose out of a labor dispute. During the morning of May 13, 1970, Irving Lee went to the dock area of his business at 610 West Van Buren Street, where the defendant was picketing. The defendant, an employee of the business for seventeen years, stated he asked Lee when he was going to sign a contract and was told to "go to hell," whereupon he called Lee an s.o.b.

Irving Lee testified Snarich greeted him with a torrent of vile language ending with, "Why don't you sign a contract and you won't have to take this abuse." Lee further stated that after this confrontation he returned to his office where he told his son about the incident. Shortly thereafter, he and several employees went back to the loading area where his son and Snarich were engaging in a "scuffle." He stated he broke up the scuffle and then was insulted by Snarich again and hit in the side. This prompted him to swing back once and then walk away.

The defendant testified the senior Lee broke up the scuffle started by Bertram and then suddenly began swinging at him without provocation. Irving Lee complained of a severe pain in his ribs and visited a doctor as a result.

Other witnesses for each side supported the testimony of the respective parties.

The defendant relies on the case of *People v. Eyre* (1967), 83 Ill.App. 2d 123. In that case there was conflicting testimony as to who the aggressor was in a battery prosecution. The court said it would have to affirm the decision of the trial court were it not for evidence which could not be reconciled with the testimony of the plaintiff; therefore, the decision of the trial court was reversed. In the case at bar the defendant points out he was the first one to file a complaint and Irving Lee did not file a complaint until two days after the incident. He also argues he was unjustly attacked by Bertram Lee and maintains Irving Lee chose that moment to "[throw] himself into the dispute on his son's side." He suggests that in the context of the dispute, it is more probable Irving Lee would attempt to join in the altercation and be the aggressor rather than break it up.

Finally, he contends that in the heat of the labor dispute, even if he dealt a single blow to Irving Lee, it is unreasonable to require of him a dispassionate assessment of his danger, and Section 7—1 of the Criminal Code applies:

"A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force."

■■ The law is clear that mere conflicting testimony will not be a sufficient reason for the Appellate Court to substitute its judgment for that of the trial court. (*People v. Graham* (1970), 127 Ill.App.2d 272.) In a bench trial it is the function of the trial court to determine the credibility of the witnesses and the weight to be given their testimony, and a court of review will not substitute its judgment in this regard unless the evidence is so improbable or unreasonable as to leave a reasonable doubt of defendant's guilt. *People v. Rush* (1970), 126 Ill. App.2d 136.

■■ After reading the record we conclude there was sufficient evidence to convict the defendant. The trial judge apparently believed the Lees and those who testified in their behalf and did not believe Charles Snarich and those who testified in his behalf. The fact the defendant filed a complaint first is not persuasive as evidence of his innocence. Irving Lee testified he went to the police station on the day of the occurrence but was told there was no judge there to sign the warrant, and he was obliged to return at a later time. Whether it is more probable that Lee arrived on the scene to aid his son rather than to break up the encounter is speculative and does not constitute irreconcilable evidence which would require a reversal under the *Eyre* case.

■■ The final argument of the defendant that the situation he found himself in, being attacked by both Lees, warranted a belief that it was necessary for him to defend himself is not justified. Charles Snarich was 41 years old and weighed 190 pounds. If he felt threatened, it is difficult to believe that the cause would be a 70 year old man with bad eyes rather than his son who might have presented a formidable opposition.

For these reasons, the decision of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ADESKO, P. J., and BURMAN, J., concur.