THE PEOPLE OF THE STATE OF ILLINOIS (CITY OF CHICAGO), Plaintiff-Appellee, *v.* FELIPE CLAUDIO, Defendant-Appellant.

(Nos. 57283, 57284 cons.;

First District (1st Division)—July 9, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Nicholas Motherway, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

The defendant, Felipe Claudio, was found guilty at a bench trial of resisting arrest in violation of section 33 of chapter 11 of the Municipal Code of the City of Chicago and fined the sum of $45. He also was found guilty of the offense of battery. (Ill. Rev. Stat. 1971, ch. 38, par. 12—3.) The defendant's application for probation was allowed and he was released for one year to the chief probation officer on condition that the defendant serve the first thirty days in the House of Correction.

There were two records filed in the appellate court. Appellate Court No. 57283 pertains to the appeal from a judgment finding the defendant guilty of resisting arrest in violation of section 33 of chapter 11 of the Municipal Code of the City of Chicago. Appellate Court No. 57284 pertains to the appeal by the defendant from a judgment finding him guilty of the offense of battery in violation of section 12—3 of the Criminal Code of Illinois.

The evidence discloses that on December 31, 1971, the defendant was causing a disturbance in front of 1318 North Spaulding Avenue, Chicago, Illinois. Police Officer Joseph Terracina attempted to arrest the defendant. The defendant resisted and they started struggling and both fell to the ground. Police Officers Fred Mascarella and Carl Veller came to the

assistance of Terracina. In attempting to place the defendant in their squad car, the defendant kicked both Mascarella and Veller.

The defendant contends (1) that because the State, rather than the City of Chicago, prosecuted the complaint for resisting arrest in violation of section 33 of chapter 11 of the Municipal Code of the City of Chicago, the defendant's conviction is a nullity; and (2) that the State's failure to prove the material allegation of bodily harm contained in the battery complaint is fatal to the conviction of the defendant.

The defendant argues that the Assistant State's Attorney, rather than the Corporation Counsel, conducted the hearing for the City of Chicago in Appellate Court No. 57283 and, therefore, the conviction for resisting arrest is a nullity. The State argues that it was not error for the Assistant State's Attorney to prosecute the City violation and, further, the appeal on the ordinance violation should be dismissed because the defendant failed to serve a notice of appeal on the City of Chicago. Similar arguments were presented in the case of *People v. Wright*, 75 Ill.App.2d 290, 221 N.E.2d 159, and the court held that "the Assistant State's Attorney was not acting for the State's Attorney when he undertook to prosecute the case for the City"; that "notice to the State's Attorney therefore cannot be considered notice to the City"; and that "failure of defendants to designate in their Notice of Appeal the City of Chicago as appellee and the failure to give notice to the city was therefore fatal to their appeals on that point."

■■ Rule 303(d) of the Illinois Supreme Court (Ill. Rev. Stat. 1971, ch. 110A, par. 303) provides that the party filing a notice of appeal shall serve a copy "upon every other party and upon any other person or officer entitled by law to notice of the appeal." The City of Chicago, the plaintiff in Appellate Court No. 57283, comes within the provisions of Rule 303(d) and defendant's failure to serve it with a copy of the notice of appeal requires that the appeal in Appellate Court No. 57283 be and it is dismissed.

The defendant relies upon the case of *City of O'Fallon v. Reynolds*, 2 Ill.App.3d 712, 276 N.E.2d 772. However, the *Reynolds* case held (2 Ill.App.3d, 715-16) that a municipality cannot be a proper party plaintiff in the prosecution of a violation of a State statute. That is not the situation in the case at bar. Here the City of Chicago charged the defendant with a violation of a municipal ordinance and the complaint was filed in the name of the City of Chicago.

The defendant also argues that the State failed to prove that police officer Mascarella suffered bodily harm as a result of the kicking by the defendant and, therefore, the battery conviction should be reversed. Officer Fred Mascarella testified that when he and his partner, officer

Veller, got to 1318 North Spaulding Avenue, Chicago, police officer Joseph Terracina and the defendant were fighting on the ground; that Mascarella and Veller got out of the car and started to put the defendant under arrest; that they handcuffed him, but he did not want to get into the car; that he was kicking and fighting; and that the defendant kicked officer Carl Veller. Officer Mascarella also testified as follows:

"Q. Did he fight with you or kick you also, officer?

A. I was also kicked.

Q. Did you sustain any injuries being kicked, officer?

A. No, sir, I did not.

Q. You saw also Officer Veller being kicked, is that right?

A. Yes, sir. He was kicking him in both legs all the way to the car."

Officer Veller testified that he also was kicked several times in both legs by the defendant but that he did not sustain any injuries.

■■ The record clearly shows that the defendant committed the offense of battery against the police officers and that he did kick officers Mascarella and Veller. It seems self-evident that the kicking of the police officers is in and of itself the causing of bodily harm and, therefore, the charge of battery against the defendant was proved beyond a reasonable doubt.

■■ In *People v. Snarich*, 3 Ill.App.3d 290, 278 N.E.2d 521, the court held that in a bench trial it is the function of the trial court to determine the credibility of the witnesses and the weight to be given their testimony, and the court of review will not substitute its judgment in this regard unless the evidence is so improbable or unreasonable as to leave a reasonable doubt of the defendant's guilt.

*People v. Wright*, 75 Ill.App.2d 290, 221 N.E.2d 159, relied upon by the defendant, is factually inapposite. There the evidence showed that the defendant, Herbert Wright, merely shoved the police officer and that there was no evidence proving that Wright kicked or otherwise caused bodily harm to the police officer. It was Irene Wright who started hitting and kicking the police officer. The court there held that the evidence on behalf of the State showed that she started to hit and kick the officers when they were in the act of placing her husband under arrest; that her continued resistance necessitated carrying her out of the apartment and down the stairs and that this evidence was sufficient to support her conviction on the charge of resisting a police officer.

In *People v. Garrett*, 11 Ill.App.3d 142, 145, 296 N.E.2d 44, 46, the defendant challenged the sufficiency of the evidence as to the bodily harm inflicted. The court sustained the conviction, saying:

"As to each of these contentions we are inclined to hold that

there are questions of fact to be resolved by the trier of fact. It is neither the duty nor the privilege of a reviewing court to substitute its judgment as to the weight of the disputed evidence or the credibility of witnesses for that of the trier of fact who heard the evidence presented and observed the demeanor of the witnesses. (*People v. Mills*, 40 Ill.2d 4; *People v. Orlando*, 380 Ill. 107, cert. den. 317 U.S. 694.) We will not reverse a criminal conviction where the evidence is not so improbable as to raise a reasonable doubt of guilt. (*People v. Ashley*, 18 Ill.2d 272, cert. den. 363 U.S. 815). We do not find the evidence in this case to be so improbable as to raise a doubt as to the defendant's guilt."

In the case at bar there is sufficient evidence to sustain the judgment of the trial court in Appellate Court No. 57284.

As to defendant's appeal in Appellate Court No. 57284 *People v. Claudio*, we are of the opinion that provisions of the Unified Code of Corrections (Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1001—1—1 *et seq.*) are applicable.

The new Unified Code of Corrections, par. 1005—6—2(a) (Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1005—6—2(a)) provides in relevant part:

"(a) When an offender is sentenced to probation or conditional discharge, the court shall impose a period under paragraph (b) of this Section, and shall specify the conditions under Section 5—6—3."

Paragraph 1005—6—3 (Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1005—6—3) provides that as a condition of probation or conditional discharge the court may require a person to "serve a term of periodic imprisonment under Article 7 for a period not to exceed 2 years or the maximum term of imprisonment provided for the offense, whichever is less." Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1005—6—3(b)(1).

The Unified Code of Corrections specifies that the defendant be sentenced pursuant to article 7 of the Code in par. 1005—6—3(d) wherein it states:

"(d) The court shall not require as a condition of the sentence of probation or conditional discharge that the offender be committed to a period of imprisonment except under Article 7."

Article 7 of the Unified Code of Corrections (Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1005—7—1) provides in relevant part:

"§ 5—7—1. Sentence of Periodic Imprisonment.)

(a) A sentence of periodic imprisonment is a sentence of imprisonment to be served on certain days or during certain periods of days, or both, specified by the court as part of the sentence.

(b) A sentence of periodic imprisonment may be imposed to permit the defendant to:

(1) seek employment;

(2) work;

(3) conduct a business or other self-employed occupation including housekeeping;

(4) attend to family needs;

(5) attend an educational institution, including vocational education;

(6) obtain medical or psychological treatment; or

(7) for any other purpose determined by the court.

A defendant who receives a sentence of periodic imprisonment shall be incarcerated at such times as are specified in the sentence.

(c) The court may impose a sentence of periodic imprisonment for a felony or misdemeanor on a person who is 17 years of age or older. The court shall not impose a sentence of periodic imprisonment if it imposes a sentence of imprisonment upon the defendant.

(d) A sentence of periodic imprisonment may be for a term up to 2 years, or the longest sentence of imprisonment that could be imposed for the offense, whichever is less. The term of the sentence shall be calculated upon the basis of the duration of its term rather than upon the basis of the actual days spent in confinement.

(e) When the court imposes a sentence of periodic imprisonment, it shall state:

(1) the term of such sentence;

(2) the days or parts of days which the defendant is to be confined;

(3) the conditions."

In the present case defendant Felipe Claudio, on January 10, 1972, was convicted and sentenced to a term of one year probation with the condition that the first 30 days be served in the House of Correction.

The Unified Code of Corrections became effective on January 1, 1973. As to retroactive effect of the Unified Code of Corrections Ill. Rev. Stat. (1972 Supp.), ch. 38, par. 1008—2—4 provides:

"§ 8—2—4. Prosecutions Continued—Applicable Sentencing Provisions.)

Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sen-

tences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

The Illinois Supreme Court had an opportunity to construe par. 1008—2—4 in *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269. The Supreme Court stated in *Harvey* that where the defendant's direct appeals from convictions were not finally adjudicated as of the effective date of the Unified Code of Corrections establishing minimum sentences, defendants could avail themselves of the statute, and upon affirmance, the cases would be remanded with directions to resentence defendant in accordance with the statute.

■■■ We are of the opinion that defendant may avail himself of the provisions of the Unified Code of Corrections because his direct appeal was not "finally adjudicated" as of the effective date of the statute. We amend the judgment in the Appellate Court No. 57284 by striking therefrom the sentence of 30 days in the House of Correction. The judgment as amended in Appellate Court No. 57284, placing defendant on probation for one year, is affirmed.

Appeal dismissed in No. 57283. Judgment amended in No. 57284 and affirmed as amended.

GOLDBERG and EGAN, JJ., concur.