THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCES WHEATLEY, Defendant-Appellant.

(No. 55957; )

First District (4th Division)—November 28, 1973.

*Opinion modified on rehearing February 6, 1974.*

Morton L. Zaslavsky, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Albert R. Rosendahl, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Frances Wheatley, was indicted for the crime of burglary. Following a bench trial in the Circuit Court of Cook County, the defendant was convicted of burglary and sentenced to three years probation, the first four months to be served in the House of Correction.

The issues presented for review are whether the defendant was found guilty of burglary beyond a reasonable doubt, and whether the sentence imposed by the trial court was excessive.

On January 15, 1970, at 7:55 A.M., Chicago Police Department officers Carmen Consolino and Edward Tansey received a call to proceed to the rear of a building located at 625 West Arlington Place, Chicago. Upon

arriving at the rear of the building, the police officers observed two men carrying a television set from the gangway of the building toward a 1964 Chevrolet parked in the alley. When the men saw the police officers, they put the television set down and ran. One of the two men, Calvin Murphy, was apprehended and placed under arrest. The appellant, Frances Wheatley, was the driver of the automobile parked in the alley, and she was likewise placed under arrest. A search of the automobile revealed two television sets, television antennas, and a clock radio, which together with the television set the two men were carrying were subsequently reported stolen by Donald Hart, an occupant of the building located at 625 West Arlington Place.

The defendant was subsequently indicted for the crime of burglary. During a bench trial in the Circuit Court of Cook County, Donald Hart testified that when he returned to his apartment from work at approximately 9:00 P.M. on January 15, 1970, he found the window of the back door to his apartment broken. After a subsequent search of the apartment, Mr. Hart determined several items were missing, all of which had been found by the police officers earlier in the day in the defendant's automobile. Hart also testified the defendant, Frances Wheatley, was an acquaintance of his wife, Geraldine Hart, who at the time of the trial was residing with her sister.

The defendant, Frances Wheatley, testified she was a good friend of Mrs. Hart who, at the time of the alleged burglary, was about to leave her husband. Miss Wheatley further testified Mrs. Hart had asked for help in moving her belongings from the apartment at 625 West Arlington Place, and it was in response to this request that the defendant was at the scene on the morning of her arrest. Miss Wheatley denied knowing either of the two men who had placed the stolen property in her automobile and said that prior to allowing them to so act they had assured her they were there to help her move Mrs. Hart's belongings.

Geraldine Hart, appearing as a State's witness, testified she knew the defendant; however, she denied not only that she was leaving her husband on January 15, 1970, but also having requested Miss Wheatley's assistance in moving her belongings.

The trial court subsequently found the defendant guilty of burglary and sentenced her to three years' probation and four months in the House of Correction, with credit allowed for the four months having been served while awaiting trial.

The first issue presented for review is whether the defendant was proven guilty beyond a reasonable doubt. The defendant contends that due to the nature of the events described in the testimony presented

to the trial court and the lack of competence of such testimony, the State has failed to sufficiently link the defendant to the commission of any burglary beyond a reasonable doubt. More specifically, the defendant refers to the testimony of the two police officers who arrested her, wherein both acknowledged the defendant was sitting in her car in the alley and that she made no attempt to escape apprehension. The defendant also cites the lack of any evidence presented by the State showing she knowingly entered the Hart apartment with the intent to commit a theft, or showing she knowingly aided anyone with the intent to commit theft. The defendant argues that these facts, when considered with the defendant's explanation that she was a friend of Mrs. Hart who was acting in response to Mrs. Hart's request for help in moving her belongings, are woefully inadequate to sustain a finding of guilt beyond a reasonable doubt.

■■ A thorough review of the record reflects the defendant's contention is totally devoid of merit. It is uncontroverted that the back door window to the Hart apartment was broken, and that certain property from that apartment was missing when Mr. Hart returned from work on the evening of January 15, 1970. Moreover, it is also uncontroverted that the missing property was either found in the defendant's automobile or was being carried there at the time the police arrived at the scene. The most damaging aspect of the testimony, however, is the denial by Mrs. Hart that she had given the defendant any permission to enter her apartment or to move her belongings. As to the defendant's denial to knowing either of the two men who had loaded the property into her automobile, the testimony of the police officers reflects Miss Wheatley knew at least one of their names and recited that name to the arresting officers. For these reasons, we necessarily reject the defendant's contention that she was not proven guilty beyond a reasonable doubt.

The second issue presented for review is whether the sentence imposed by the trial court was excessive.

The law in Illinois is well settled that a court of review should not disturb the sentence imposed by the trial court unless it clearly appears the penalty constituted a great departure from the fundamental spirit and purpose of the law or was not proportioned to the offense. (*People v. Taylor* (1965), 33 Ill.2d 417; *People v. White* (1972), 7 Ill.App.3d 1084.) The instant record reflects the penalty imposed by the trial court is not a great departure from either the fundamental spirit or purpose of the law. Moreover, the trial court obviously took into consideration the factors of the defendant's age and employment record in apportioning

the penalty placed on the defendant. We therefore reject the defendant's contention that the sentence imposed by the trial court is excessive.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.

### OPINION ON REHEARING

Mr. JUSTICE DIERINGER delivered the opinion of the court:

■■ Although the defendant, Frances Wheatley, did not argue the point in her original brief, in her petition for rehearing she now brings it to the court's attention that at the time of her appeal, section 5—6—3'(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—6—3(d)) prohibited a sentence of probation from being conditioned on a period of imprisonment. The case of *People v. Harvey* (1973), 53 Ill.2d 585, provides that defendants whose cases are pending on direct appeal may avail themselves of the provisions of the Unified Code of Corrections. Accordingly, we reverse the sentence entered in the Circuit Court of Cook County and order that the defendant receive a three-year probation period without having to serve the four-month term in the House of Correction, as originally provided. We note, however, that Public Law 78-939, certified on November 14, 1973, provides that section 5—6—3(d) now reads in part as follows:

> "The court shall not require as a condition of the sentence of probation or conditional discharge that the offender be committed to a period of imprisonment in excess of 6 months."

However, this act is not retroactive, and we must apply the law in effect at the time.

Therefore, the judgment is affirmed as modified.

Affirmed as modified.

ADESKO, P. J., and JOHNSON, J., concur.