THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORMAN BREZEZINSKI, Defendant-Appellant.

(No. 58782;

First District (5th Division)—October 12, 1973.

*Modified upon denial of rehearing December 21, 1973.*

John T. Cogan, of Oakbrook, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

Mr. JUSTICE SULLIVAN delivered the opinion of the court as modified upon denial of petition for rehearing:

Defendant pleaded guilty to nine indictments, eight containing one count charges for the crime of theft in excess of $150 and one, No. 72-1017, containing two count charges of similar crimes. He was sentenced on each count of No. 72-1017 to concurrent sentences of not less than four nor more than eight years. On each of the other eight indictments, he was given sentences of not less than two nor more than ten years, to run concurrently with each other and with the sentences previously imposed on indictment No. 72-1017.

On appeal defendant raises the following issues:

(1) that the sentence imposed on indictment No. 72-1017 was both excessive and in violation of the Unified Code of Corrections;

(2) that the trial court erred in failing to order and/or consider a written presentence report of investigation; and

(3) that the sentences of two to ten years on each of the other eight indictments were excessive.

The stipulated evidence discloses that defendant committed the crimes of theft,[1] *i.e.,* he knowingly retained monies approximating $50,000 given to him by a number of people as their agent in real estate transactions.

After a guilty plea on May 8, 1972 to indictment No. 72-1017 defendant's counsel requested a presentence investigation. The court granted the request and continued the matter for sentencing. At the next hearing on June 2, 1972 defendant's counsel advised the court of his belief that defendant would be able to make some form of restitution and the court granted a continuance stating:

> "You either come in prepared to make restitution at that time (July 11, 1972) or the court will proceed with its sentencing at that time. * * * If restitution is made, we will proceed in one direction; if restitution is not made, we will proceed with sentencing in another direction."

Our examination of the record available to us reveals that subsequent to the hearing on June 2, 1972, there were no more discussions concerning a presentence investigation. On July 11, 1972 defendant was sentenced on the two counts of indictment No. 72-1017 and sentenced on the other eight indictments on August 7, 1972. Prior to this sentencing, neither the defendant nor his counsel believed it necessary or appropriate to say or add anything in mitigation.

OPINION

I

Defendant's first contention is that the sentences imposed on indictment No. 72-1017 were excessive and in violation of the Criminal Code (S.H.A., ch. 38, § 16—1(e)2 (1973)) which classifies theft (more than $150) as a Class 3 felony. We note that the Unified Code of Corrections provides the maximum term for a Class 3 felony shall be any term in excess of one year not exceeding ten years, and the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant sets a higher minimum term, which shall not be greater than one-third of the maximum term set in that case by the court, S.H.A., ch. 38, §§ 1005—8—1(b)(4) and (c)(4).

Here the minimum term of four years exceeds one-third of the maximum of eight years and the sentence should be reduced to conform to the Unified Code of Corrections.

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 16—1(a) 1.

## II

We will next consider defendant's argument that the trial court erred in failing to order and/or consider a written presentence report of investigation. He relies on the Unified Code of Corrections (S.H.A. 1973, ch. 38, par. 1005—3—1) which provides as follows:

"A defendant shall not be sentenced before a written presentence report of investigation is presented to and considered by the court where the defendant is convicted of a felony. The defendant may waive the presentence investigation and written report."

In further support of his contention he points out that the Council Commentary following paragraph 1005—3—1 provides, in pertinent part, as follows:

"Summary: Makes a presentence report mandatory for sentencing in all felony cases, unless knowingly waived by the defendant."

He argues that he did not knowingly waive his right to a presentence report and he contends that his counsel's comment at the August 7, 1972 hearing "I have nothing to add in mitigation" and his own statement at the same hearing that he had nothing to say about the sentence, should not, as the State contends, be considered a waiver of his right to the consideration of a presentence report.

We note that the Unified Code of Corrections provides where the offense being prosecuted has not reached final adjudication that the sentences provided by the Code should apply if they are less than under the prior law (S.H.A. 1973, ch. 38, par. 1008—2—4); and that cases on appeal have not "reached final adjudication" within the meaning of the Code, *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.

■■ We do not believe, however, that it was the intent of the legislature that paragraph 1008—2—4, which applies to sentences, would allow paragraph 1005—3—1 (requiring a presentence investigation report) to be applicable prior to the effective date of the Act. Neither have we found any other provision in the Code nor has any been pointed out to us by defendant which would require presentence reports prior to its effective date on January 1, 1973.

Here this matter was finally determined in the trial court in August of 1972. Accordingly, we conclude the court was not in error in failing to order or consider a written presentence report of investigation. In view of this holding it will not be necessary to pass on the question of whether there was a waiver by defendant of a presentence report.

## III

Finally, defendant contends that all of the sentences were excessive. Initially, he argued that the sentences imposed on indictment No. 72-

1017 (two concurrent terms of four to eight years) were excessive and we have heretofore held they should be reduced to conform to the Unified Code of Corrections.

In arguing the excessiveness of all of the sentences, including those on the other eight indictments (concurrent two to ten years each), defendant asserts: (1) that there is nothing in the record indicating he had any propensity for violence; (2) that his crimes were against property and not the person; (3) that there is no indication in the record that he posed any threat to the protection of the public to warrant his incarceration for the terms imposed; (4) that the record fails to show he had ever been involved in any other crimes; and (5) that the record discloses he was endeavoring to make restitution.

■■ In *People v. Buell*, 120 Ill.App.2d 367, 256 N.E.2d 845, the court held that when a sentence imposed is within the limits prescribed by statute, a reviewing court will not disturb the sentence unless it clearly appears that the penalty imposed constitutes a great departure from the fundamental law and its spirit and purpose.

■■ Although the crimes here are against property and are non-violent, the spirit and purpose of the law is to protect the public against persons who would defraud its members, such as in the instant case, where nine families suffered losses totaling over $50,000. Accordingly, we believe that the sentences in the eight indictments here, not including indictment No. 72-1017, being within statutory limits, are reasonable. However, as we have stated in this opinion, the minimum terms in indictment No. 72-1017 must be reduced and because of the circumstances here, we believe it would be more appropriate that the trial judge make the determination concerning the proper punishment to be imposed in indictment No. 72-1017.

The judgments of conviction and the sentences are affirmed except that the sentences in indictment No. 72-1017 are vacated and the cause is remanded to impose new sentences in that indictment in conformance with the Unified Code of Corrections.

Judgment affirmed, sentences vacated in part and remanded with directions.

DRUCKER, P. J., and LORENZ, J., concur.