THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRANK J. ROBINSON, Defendant-Appellant.

(No. 58599; 

First District (1st Division)—May 20, 1974.

HALLETT, J., took no part.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

PER CURIAM:

Defendant was found guilty after a bench trial of the offenses of aggravated assault and unlawful use of weapons, in violation of sections 12—2 and 24—1 of the Criminal Code, and was placed on probation for concurrent terms of 2 years on condition that the first 6 months be served

in the county jail. (Ill. Rev. Stat. 1971, ch. 38, pars. 12—2, 24—1.) He appeals.

Henrietta Huffman testified for the People that at about daybreak on October 28, 1972, she had been asleep in the living room of her apartment on West 103rd Street in Chicago when she heard shouts of obscene language from her front porch. The defendant, an acquaintance of the witness, was on the porch and the witness telephoned the police. Gunshots were fired through the door and the defendant threatened to kill everyone in the house and "burn the place up." It further appears that after the police arrived and had surrounded the house, a shot was fired from inside the house which the officers thought was meant for them; that they entered the house and held the witness' son Carl at gunpoint; and that the defendant left the premises. A short while later the witness signed papers at the police station, after which she placed a telephone call to her apartment from a store away from the station; the defendant answered the telephone and again threatened to kill everyone in the house; the witness again informed the police that the defendant was at the apartment. The witness later learned that the defendant had been placed under arrest and she identified him as the person who shot a gun through her apartment door.

Chicago Police Officer Dennis Culom testified for the People that he went to the apartment in question in response to a radio communication; he and his fellow officers observed the defendant seated in the living room of the apartment and received permission from Carl Huffman to enter the apartment. The officers forcibly entered the apartment, the defendant was placed under arrest, and a handgun was taken from his possession, in which two expended shell casings were found. The defendant had been advised of his constitutional rights, he responded to questions that the gun did not belong to him, and he made no reply to questions concerning the gun's registration and the expended shells found in the weapon. The officer testified that the gun was not found on the living room floor, nor was it taken from a drawer in the apartment.

Defendant testified in his own behalf that he was a friend of the complaining witness and that he possessed two keys to the apartment in question. On the morning in question he arrived at the apartment and rang the doorbell; he received no answer, used a key to gain entrance and found no one inside. While seated in the apartment the telephone rang and when he answered it, there was no response. While he was in the apartment the police arrived and placed him under arrest. The defendant denied firing a gun or threatening to harm anyone in the apartment; he stated that the police recovered the gun from the floor of the apartment, where the defendant had thrown the weapon, and he ac-

counted for the presence of the two expended shells in the gun by stating that he had fired the weapon 2 days before in another part of the city.

The defendant was found guilty of the offenses of aggravated assault and unlawful use of weapons; additional charges of failure to comply with state and local firearms registration provisions were dismissed by the court. Defendant was placed on probation for concurrent periods of 2 years, on condition that he serve the first 6 months in jail, after a hearing in aggravation and mitigation disclosed no prior criminal record.

Defendant's initial contention is that the record does not disclose whether he understandingly and knowingly waived his right to a jury trial.

■■ After the case had been called for trial, defendant's appointed counsel answered "plea of not guilty" and "jury waived." Although the record does not disclose when, in relation to the commencement of the trial, counsel was appointed, counsel's knowledge of defendant's version of the circumstances of the case and of defendant's past history demonstrates that a conference had been engaged in between defendant and counsel prior to trial and prior to the waiver of the jury. It is settled that a defendant may properly waive his right to a jury trial through appointed counsel where there has been sufficient opportunity for consultation. (*People v. Sailor*, 43 Ill.2d 256, 260-261, 253 N.E.2d 397; *People v. McClinton*, 4 Ill.App.3d 253, 280 N.E.2d 795.) The jury waiver was properly made.

Defendant also questions whether he properly pleaded to the complaint charging him with aggravated assault.

The record affirmatively discloses that defendant was served with copies of the two complaints in this case, charging him with the assault and with the unlawful use of weapons. The complaint charging the assault was signed by Henrietta Huffman, but it had improperly named and described her son, Carl Huffman, as the victim of the assault. That discrepancy was corrected by the prosecutor in open court and without objection from defendant, who thereafter expressly waived re-execution and re-swearing of that complaint and also expressly waived his right to a preliminary hearing and to indictment in connection therewith. Defendant was specifically informed if the charge against him, which allowed him opportunity to prepare his defense and which would have prevented the possibility of being again charged for the same offense. (*People v. Kaprelian*, 6 Ill.App.3d 1066, 286 N.E.2d 613.) The charge of aggravated assault made against defendant was substantially the same in the amended complaint as that contained in the original complaint, and a new plea to the amended complaint under the circumstances was therefore not necessary. The cases cited by defendant in support of his position

in this regard are not in point: see, e.g., *People v. Moore,* 21 Ill.App.2d 9, 157 N.E.2d 94.

Defendant's further arguments, that a reasonable doubt exists as to his guilt of both offenses since the testimony of the complaining witness was confused and since both convictions arose out of confusion at the trial, are likewise without merit.

■■ Although the complaining witness' testimony was confused and contradictory in some measure, the salient facts which emerge from her testimony are that defendant was at her door on the morning in question, that he fired gunshots through the door and threatened to kill everyone in the apartment and that the police responded. The trial court, as the trier of fact, resolved whatever conflict existed in her testimony when the court found that any contradictions in her testimony which occurred on direct examination were settled on cross-examination. Defendant was proved guilty of the offense of aggravated assault beyond a reasonable doubt.

The further argument is made that the findings of guilty arose out of confusion at the trial, since the record allegedly fails to disclose that defendant was being tried for the unlawful use of weapons or that he was in fact charged with the gun registration offenses. The record affirmatively discloses that he was in fact tried on the unlawful use of weapons charge, which complaint was also amended in open court when the case was called for trial. Defendant cannot be heard to complain with regard to the court's dismissal of the gun registration charges since he in fact was found not guilty of those offenses and the instant record consequently does not contain the complaints in that regard.

The final point raised by defendant on appeal is that the 6-month county jail sentence imposed as a condition of the terms of his probation entered upon the convictions violates section 5—6—3 of the Unified Code of Corrections, which prohibits a term of incarceration as a condition of probation; he states that the jail sentences must therefore be vacated. We agree.

Subsection (d) of section 5—6—3 of the Code specifically provides that a term of incarceration shall not be imposed as a condition of probation. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3(d).) Since the instant convictions have not yet been finally adjudicated and since it may benefit the defendant in the terms of his sentence, that provision of the Unified Code is applicable here. Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4; *People v. Chupich,* 53 Ill.2d 572, 295 N.E.2d 1.

The People argue against the application of that provision to the instant case, stating (a) that the *Chupich* case applies solely to sentencing and does not apply, as here, to matters of probation, citing *People v.*

*Brezezinski*, 15 Ill.App.3d 509, 305 N.E.2d 32, and (b) that the recent amendment to section 5—6—3 of the Code enacted by Public Act. 78—939 permitting the imposition of a sentence of up to 6 months in jail as a condition of probation took effect November 17, 1973, and controls the instant appeal.

The *Chupich* case applies to the instant situation, since both cases involve the question of terms of sentence. (See *People v. Claudio*, 13 Ill. App.3d 537, 300 N.E.2d 791.) The *Brezezinski* case, on the other hand, deals with the question of whether the requirement in the new Code relative to pre-sentence investigation reports may be made applicable to cases not yet finally adjudicated, within contemplation of the *Chupich* decision.

■■ With regard to the question of whether Public Act 78—939 is applicable to the instant situation, that Act, although signed into law by the Governor on November 17, 1973, does not become effective until July 1, 1974. Public Act 78—939 neither contains an express provision that it was to become effective on the date that it was signed into law, nor does it fall within the non-retroactively effective statutory provisions dealing with the effective date of statutes which could have rendered it effective on November 17, 1973. See Public Act 77—147 (Ill. Rev. Stat. 1971, ch. 131, par. 21, effective July 2, 1971), and as amended by Public Act 78—85 (Ill. Rev. Stat. 1973, ch. 131, pars. 21-26, effective July 13, 1973); Public Act 78—939 was "passed" by the legislature, for the purposes of the foregoing statutes, prior to July 1, 1973. See also *People v. Wheatley*, 17 Ill.App.3d 657, 308 N.E.2d 129; *People v. Braddock*, 17 Ill. App.3d 73, 308 N.E.2d 74 (abstract opinion).

For these reasons, each portion of the respective sentences imposed upon defendant requiring incarceration in the county jail as a condition of his probation is vacated and the judgments of conviction, as so modified, are affirmed.

Judgments affirmed as modified.

Mr. JUSTICE HALLETT took no part in the consideration or decision of this case.