THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES ROSE GLENN, a/k/a Jimmy Rose, Defendant-Appellant.

(No. 61030; ▮▮▮▮▮▮▮▮

First District (4th Division)—October 22, 1975.

James J. Doherty, Public Defender, of Chicago (Saul H. Brauner, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In a bench trial, the defendant, James Rose Glenn, was convicted of the offense of plain robbery and sentenced to serve two to six years in the penitentiary. On appeal, defendant contends that he was not proven guilty beyond a reasonable doubt.

A review of the record evinces conflicting accounts of the facts surrounding the instant controversy. On one hand, the complainant, one Miles Cotton, testified that while he was driving his car on June 22, 1973, at approximately 4:30 p.m., the defendant motioned him to stop. Having known the defendant for eight or nine years only by his nickname of "Crook," the complainant stopped his car, allowed the defendant to enter and proceeded to drive the defendant to his home. Upon reaching that destination, the defendant asked the complainant whether he cared to purchase a television set. After responding in the affirmative, the complainant followed the defendant towards the project building where they were joined by another man whom the defendant, but not the complainant knew. The complainant further testified that when they reached

the building, they walked up eight or nine flights of stairs and proceeded to an apartment. Subsequent to entering the apartment, the complainant discovered that it was barely furnished and that the other two men had not followed him inside the room. After waiting two or three minutes, the complainant attempted to retrace his steps to the stairwell. While doing so, he was accosted by two individuals who knocked him to the floor. In the ensuing tussle, the complainant clearly saw and recognized the defendant as one of his assailants before losing consciousness for a few minutes. When he regained consciousness, he went to his car and discovered that he was missing two hundred dollars. He reported the incident to the police, and a few days later, identified the defendant from photographs submitted to him by the police.

The defendant took the stand in his own behalf and presented the instant transaction from a different factual perspective. He testified that on the day in question, he was invited by the complainant to take a ride. After dropping off an individual whom the defendant did not know, the complainant drove to a tavern where the defendant purchased some wine which both men drank in an alley. Upon completing the wine, the two men and a third individual proceeded to drive to another tavern. While the third individual went to procure more liquor, the complainant asked the defendant if he would look at a television set with him. When the other individual returned, the three men went to a project building where the complainant purchased, from the other man, a television set for $50. The defendant further related that he saw the complainant several days later and was informed that the television did not operate properly.

The defendant contends that the complainant's testimony is incredible and should not be accorded sufficient weight to sustain his conviction. He posits that there are two apparent inconsistencies which tend to cast doubt on the credibility of the complainant's testimony, namely, that (1) complainant's recollection of the events of June 22, 1973, fails to account for a period of about 45 minutes and (2) the complainant, on the day subsequent to the incident, informed the police as to the correct address where the altercation occurred. Moreover, he resorts to case law to support the proposition that since the defendant lived a few blocks from the complainant's home, it would seem strange for him to attempt a robbery so close to his neighborhood. We are not in accord.

■■ It is well settled that in a bench trial, it is a function of the trial judge to determine the credibility of witnesses and the weight to be accorded their testimony and a reviewing court will not disturb a conviction unless the proof is so unsatisfactory as to create a reasonable doubt of the defendant's guilt. (*E.g., People v. Clay*, 55 Ill.2d 501, 507, 304

N.E.2d 280, 283; *People v. Pagan*, 52 Ill.2d 525, 534, 288 N.E.2d 102, 108.) In light of our review of the entire record, we do not feel that this latter directive is applicable. In the case at bar, the defendant's conviction was based primarily on the testimony of the complainant. The defendant, in an attempt to overturn his conviction, contends that the previously mentioned inconsistencies in the complainant's testimony rendered his testimony incredible and that his own account of the instant controversy, which allegedly vindicates his guilt, is more plausible. Yet, resolution of these contentions were for the trial judge since minor discrepancies in a witness' testimony in a criminal prosecution (*People v. Bell*, 53 Ill.2d 122, 125-26, 290 N.E.2d 214, 216; *People v. McGhee*, 20 Ill.App.3d 915, 921, 314 N.E.2d 313, 318) as well as the offering of testimony by the defendant inconsistent with his guilt (*People v. Richardson*, 132 Ill.App.2d 712, 714, 270 N.E.2d 568, 570) present only questions of credibility to be determined by the trier of fact. Moreover, the mere presence of conflicting testimony does not justify a reviewing court in differing from the finding made by the trier of fact. (*People v. Smith*, 17 Ill.App.3d 494, 496, 308 N.E.2d 257, 259; *People v. Snarich*, 3 Ill.App.3d 290, 292, 278 N.E.2d 521, 522-23.) While it is undisputed that the complainant and the defendant went to a building so that the complainant could procure a television set, what occurred subsequent thereto is disputed. The trial judge, as trier of fact, had the responsibility to decide which witnesses to believe. Based on the testimony and demeanors of both the complainant and the defendant, the trial judge chose to believe the former and found the defendant guilty. We therefore conclude that the trial court's determination was not palpably erroneous and that the defendant was convicted of robbery beyond a reasonable doubt.

Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.