THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GAIL A. VEILE, Defendant-Appellant.

Fourth District No. 4—82—0090

Opinion filed October 13, 1982.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and Michael W. Hogan, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant was found guilty by a jury in the circuit court of Adams County of the offense of aggravated battery in violation of section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)). She was sentenced to one year's probation and the payment of a fine of $250. On appeal her chief contention is that the State failed to prove bodily harm in the simple battery which was the predicate for aggravated battery. We agree and reverse. For this reason we need not discuss contentions concerning the fine which are also issues on appeal.

Without belaboring them in exhaustive detail, we find the operative facts to be that defendant and her male companion, Heuer, were present in a tavern on May 8, 1981. Because of their misconduct there, they were asked to leave and ultimately the police were called to eject them. After some further acrimonious exchanges with the police and personnel of the tavern, defendant, Heuer, and Police Officer Summers left the premises together. In doing so, defendant fell down some steps. By the time defendant got to her feet the officer was outside the tavern and testified that defendant was still being loud and profane in her language. He then ordered her to leave the area. She began shaking her left hand with a finger extended in the officer's face, and he thereupon seized hold of her left wrist and put it down, again telling her to depart.

When the officer released defendant's left wrist, she then struck him in the chest with her right fist. While the record is unclear at this point, since the trials of defendant and Heuer were severed and we do not know exactly what Heuer was doing, the officer did testify that Heuer grasped him from behind and in the ensuing affray the officer suffered a dislocated shoulder.

The significant portion of the officer's testimony as it relates to the principal issue is found in his cross-examination:

"Q. [Defense counsel]: So, she brought her hand up from her hip approximately and struck you straight back?

A. [Officer]: Yes.

Q. And you were about two feet away?

A. Approximately.

Q. Were you injured by the blow?

A. No, I was not.

Q. Did it raise a bruise?

A. No.

Q. Did it cause you to lose your balance?

A. It jolted me back a little. I did not lose my balance, but it did jolt me back."

The officer further acknowledged that he was wearing soft body armor under his uniform. He described it as a vest weighing 2½ pounds, approximately 12 by 14 inches.

Defendant and Heuer were jointly charged, but as previously indicated, were tried separately. Count II of the information upon which defendant was tried states:

"COUNT II: That on or about May 8, 1981 GAIL A. VEILE and GUNTER A. HEUER committed the offense of Aggravated Battery in that they, in committing a battery, in violation of Illinois Revised Statutes, Chapter 38, Section 12—3, without legal justification knowingly caused bodily harm to John Summers in that they struck John Summers, knowing John Summers to be a peace officer engaged in the execution of his official duties, in violation of Illinois Revised Statutes, Chapter 38, Section 12—4(b)(6)."

It is fundamental that in order to establish an aggravated battery of this type, the State must first prove a battery. Equally clear is that under section 12—3(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a)) a battery may be committed either (1) by causing bodily harm, or (2) by making a physical contact of an insulting or provoking nature.

In *People v. Hale* (1979), 77 Ill. 2d 114, 395 N.E.2d 929, the su-

preme court held that the type of aggravated battery contained in section 12—4(b)(6) of the Code, *i.e.*, the individual harmed is a peace officer (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)), could be predicated upon an insulting or provoking touching. Theretofore, there had been no agreement on the matter. The appellate courts had agreed that a battery resulting in bodily harm would sustain an aggravated battery upon a peace officer, but they diverged as to whether an insulting or provoking touching would do likewise.

The corollary to *Hale* is that the State must either elect which type of battery to charge, or to charge in the alternative if it is unsure of its evidence. In the instant case there was no suggestion of an insulting or provoking touching. The information, as set forth above, clearly charges battery by bodily harm, and the definition of battery contained in the instructions to the jury is limited to bodily harm, as is the issues instruction.

■ Doubtless this situation came about through oversight. Defendant and Heuer were charged jointly. Since there is an indication that Heuer caused the officer a dislocated shoulder, bodily harm allegations would be appropriate for him. However, when the cases were severed for trial and no attempt was made to hold defendant responsible for Heuer's conduct, it was incumbent on the State to review their pleadings in view of the changed circumstances and to determine whether bodily harm or insulting or provoking touching was applicable to defendant. This was not done, and the State is bound by the information upon which it proceeded to trial.

■ The question then resolves itself into whether bodily harm to the officer was proved beyond a reasonable doubt. We think not. The officer testified that the body armor was designed to stop the penetration of bullets. It is inconceivable to us that a blow by a female's fist against such armor could cause bodily harm. The officer's testimony that he was not injured stands uncontradicted.

We are aware of a series of decisions in which it has been held that bodily harm is a matter of fact for the trier of fact. However, in each of them the defendant kicked the officer. *People v. Claudio* (1973), 13 Ill. App. 3d 537, 300 N.E.2d 791; *People v. Taylor* (1977), 53 Ill. App. 3d 810, 368 N.E.2d 950; *People v. Brown* (1974), 18 Ill. App. 3d 1049, 310 N.E.2d 498; *People v. Green* (1977), 54 Ill. App. 3d 596, 370 N.E.2d 42.

In *Claudio* the court stated that "[i]t seems self-evident that the kicking of the police officers is in and of itself the causing of bodily harm ***." (13 Ill. App. 3d 537, 540, 300 N.E.2d 791, 793.) We think it equally self-evident that a punch from a female against a piece of

body armor is not the causing of bodily harm. The instant case more closely resembles the fact situation in *People v. Wright* (1966), 75 Ill. App. 2d 290, 221 N.E.2d 159 (abstract of opinion). There the evidence showed that the defendant barely shoved the police officer and it was the defendant's wife who did the hitting and kicking of the officer. The court held that there was insufficient evidence to sustain the conviction.

The State has argued alternatively that even if defendant's conduct did not rise to the level of inflicting bodily harm, the variance is not fatal. It maintains that defendant's defense was that she did not strike the officer at all, and therefore any variance between bodily harm and insulting touching could not mislead her. We do not agree. The defendant has a right to know specifically what she is being charged with. Compare *People v. Abrams* (1971), 48 Ill. 2d 446, 271 N.E.2d 37.

The proof of bodily harm to sustain the battery was insufficient. We are not called upon to render, and therefore do not render, any opinion as to whether the actions of defendant were a touching of an insulting or provoking nature. Since the conviction is reversed, the questions of the propriety of the fine and any credits upon it become moot.

The judgment of the circuit court of Adams County on the jury verdict of guilty is reversed and the sentence imposed thereon is vacated.

Reversed.

GREEN, P. J., and LEWIS, J., concur.