(Nos. 37811, 39993 cons.-)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WILL McKINNEY, Appellant.

*Opinion filed September 24, 1968.*

WARD, J., took no part.

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JAMES R. TRUSCHKE, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1962, a jury in the circuit court of Cook County found the defendant, Will McKinney, guilty of murder, and he was sentenced to imprisonment for a term of 14 years. On November 13, 1964, his writ of error to review that judgment was dismissed on his own motion. On November 27, 1964, the defendant filed a petition under the

Post-Conviction Hearing Act (Ill. Rev. Stat. 1963, chap. 38, par. 122—1 *et seq.*) and, with the aid of an assistant public defender, an amended petition. After an evidentiary hearing, the trial judge denied the post-conviction petition, and the defendant has appealed. Upon his motion, we have also reinstated his writ of error, and the two cases have been consolidated.

The deceased, Rudelle Hartison, was a cousin of Miss Loralene McDonald, the defendant's girlfriend. Miss McDonald, Hartison, and Hartison's girlfriend lived in Miss McDonald's apartment. On July 8, 1961, Miss McDonald asked Hartison to move from her apartment. When Miss McDonald and the defendant returned to the apartment that evening, Hartison again appeared and quarreled with Miss McDonald. The defendant became involved in the quarrel. He threatened to shoot Hartison, who told him to go ahead, and the defendant shot Hartison six times. Both Miss McDonald and another eye witness testified that Hartison was unarmed. The defendant did not testify.

After the shooting the defendant fled in his car, but was arrested and brought to the East Chicago Heights police station, where he was interrogated intermittently on July 8, 9 and 10. At the post-conviction hearing, the defendant's sister and brother-in-law testified that they went to the police station and tried to speak with the defendant, but were not allowed to do so. The defendant testified that he asked to see a lawyer and his relatives, but his request was refused. Marion A. Bowden, then police chief, and three of his officers denied this testimony.

A statement made by the defendant while he was in custody was admitted into evidence. In it, the defendant stated that he tried to get Hartison to leave the room, but that Hartison drew a gun, and only then did the defendant shoot him. The defendant's retained attorney made no objection to the introduction of the statement. At the post-conviction hearing, the trial judge observed that defend-

ant's "whole theory of defense in this case was he wanted to use People's 'Exhibit 2 [the statement] as a basis for persuading and convincing the jury that the action of the defendant was in self-defense." It is now argued that *Escobedo* v. *Illinois* (1964), 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758, which was decided after the defendant's trial but prior to his post-conviction hearing, requires that the judgment of conviction be reversed. But the United States Supreme Court has decided that *Escobedo* is not to be applied retroactively (*Johnson* v. *New Jersey* (1966), 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772), and apart from the *Escobedo* problem it does not appear that the statement was improperly obtained.

The defendant's contention that the State failed to supply him or his attorney with a list of witnesses is refuted by the record. He also contends that the trial court improperly refused to allow a tape recording of a statement by Miss McDonald, which the defendant says was contradictory to her testimony, to be played before the jury. We have been unable to find support for this contention in the record. Tape recordings made at the East Chicago police station were offered in evidence by the prosecution but were excluded upon the defendant's objection after the assistant State's Attorney had advised the court that they had apparently been previously played and erased. The defendant also contends that the statute under which the indictment was founded is unconstitutional, but he does not explain in what respect or for what reason.

The defendant does particularize the grounds upon which he contends that his sentence is illegal—that the jury did not recommend or fix the sentence as required by the statute in effect at the time of the shooting (Ill. Rev. Stat. 1959, chap. 38, par. 360), and that the trial judge did not impose an indeterminate sentence as required by the statute in effect at the time of the trial and sentencing. (Ill. Rev. Stat. 1961, chap. 38, par. 9—1.) As to the first

of these grounds, we have held, "the change in the method of sentencing is not a change which deprives a defendant of a substantial right that had accrued to him when the alleged offense was committed, and the new procedural provision may be applied in * * * cases in which a verdict is rendered after January 1, 1962." (*People* v. *Johnson,* 23 Ill.2d 465, 470-71; see also *People* v. *Wright,* 30 Ill.2d 519, 525.) The second ground is without merit. The minimum sentence for the crime of murder is the same under both statutes. At the hearing on sentence, the defendant's counsel stated, "We would elect to be sentenced under the code in effect prior. That is a flat sentence." Thereupon, the trial court imposed the minimum term of imprisonment which could be imposed, 14 years.

The public defender urges that this court should reduce the grade of the offense from murder to manslaughter under our Rule 615(b)(3). (Ill. Rev. Stat. 1967, chap. 110A, par. 615(b)(3).) The effect would be to make the defendant eligible for parole consideration immediately. The suggestion is that the quarrel or interchange of words between the deceased and the defendant constituted sufficient provocation to negative malice. At the trial no instruction on manslaughter was tendered; the defendant there sought an acquittal on the ground that he shot in self-defense. The present suggestion amounts to a request that because the jury rejected the claim of self-defense, this court should try the defendant again on a different legal theory. This we decline to do.

The judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.