THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JANET LUTZ, a/k/a LISA LEWIS, *et al.*, Defendants-Appellants.

(No. 72-256;

Second District—March 19, 1974.

Ralph Ruebner, Deputy Defender, of Elgin, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendants, indicted as co-defendants, pled guilty to the offense of burglary and were placed on 3 years' probation. Thereafter a petition for revocation was filed and after a joint hearing probation was revoked as to each defendant. Janet Lutz was sentenced to a term of 2-8 years in the Illinois State Reformatory for women and Jeffrey Stanley was sentenced to 3-12 years in the penitentiary.

Both defendants appeal and urge that their sentences are excessive and should be reduced; and each has moved for a summary modification of sentence which we have taken with the case.

Defendant Lutz makes the additional contention that she was denied a fair revocation hearing because court appointed counsel also represented the co-defendant Stanley when the positions of the co-defendants were antagonistic to each other.

■■ We find no merit in defendant Lutz's claim that she was deprived of a fair hearing. The positions of the co-defendants were not, in fact, antagonistic or inconsistent. The evidence of the probation violations was clear. The defendants were caught together after having stolen a car. The initial arresting officer identified defendant Lutz as the driver of the car and defendant Stanley as the passenger who alighted and was arrested a short time later by another officer. The defendants testified to

details of the violation, admitting their respective positions in the stolen car.

■■ We are not persuaded by defendant Lutz's argument that she was prejudiced because defense counsel did not object to the testimony of the police officer that defendant Stanley told him that Miss Lutz was driving the vehicle. In light of the direct testimony of the police witnesses and the testimony of the defendants themselves admitting their respective positions in the stolen car, the hearsay statement was cumulative and could not have prejudiced the defendant Lutz in any way. See *People v. Lee* (1971), 133 Ill.App.2d 618, 620.

It appears that the strategy of counsel, which is not challenged on appeal, was to have defendants relate entirely and truthfully all the events surrounding the probation violation and to emphasize that the defendants both had alcoholic problems, to the end that they might receive treatment instead of incarceration. The strategy pursued made the positions of the defendants consistent and not antagonistic. *People v. Robinson* (1969), 42 Ill.2d 371, 375; *People v. McCasle* (1966), 35 Ill.2d 552, 556; *People v. Cheatham* (1972), 6 Ill.App.3d 1079, 1082.

Defendants first urge in support of their claim of excessive sentence that their severe problems of alcoholism require treatment and that this should be considered as a mitigating circumstance in the review of their sentences. *People v. Walcher* (1969), 42 Ill.2d 159, 166.

It is apparent from the record that the judge below exercised his sentencing discretion with a full awareness of the alcoholic problems of the defendants. He heard evidence bearing on the rehabilitation of the defendants through the program offered for alcoholics and heard the testimony of the defendants themselves. As the testimony showed, the success of any treatment program is contingent upon the willingness and motivation of those being treated to cure the habit. The judge could well have concluded that this essential element of success in the treatment program was lacking in the case of these particular defendants.[1]

■■ It has been often stated that the fixing of sentences is an exercise of discretion; that the power to reduce sentences granted to a reviewing court should be used with considerable caution and circumspection

---

[1] We also note that under the Unified Code of Corrections now in effect the Department of Corrections has the authority through furloughs (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—11—1(a)(2)), day release programs (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—13—2(4)), or mandatory conditions of parole (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1003—3—7(b)(2)) to enable the defendants to obtain medical and psychological treatment for alcoholism should the Department see fit to adopt such measures for either of them.

(*People v. Nelson* (1968), 41 Ill.2d 364, 368); and that the power should be exercised only when it is manifest from the record that the sentence is excessive and not justified by any reasonable view which might be taken from the record. *People v. Glasgow* (1970), 126 Ill.App.2d 82, 90. ■■ Here, the defendants violated their probation within a very short period of time after it was imposed by the commission of a serious crime. (See *People v. Ford* (1972), 4 Ill.App.3d 291, 292-293.) The disparity in the sentences is justified because defendant Stanley had a more direct involvement in the original burglary than did the defendant Lutz and because defendant Stanley had a significant prior record of convictions. Reasonably viewing the circumstances disclosed by the whole record, it is manifest that the sentences are neither excessive nor unjustified.

Application of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1001—1—1 *et seq.*) does not support defendants contention that their sentences should be reduced to 1-3 years. The sentences do not contravene provisions of indeterminacy or the maximums permissible under the new Code (see *People v. Hickman* (1973), 56 Ill.2d 175, 306 N.E.2d 32, 39; *People v. Hayes* (1973), 11 Ill.App.3d 359, 362), and the circumstances do not justify remand of the case for resentencing or reduction by reason of the imposition of greater than minimum sentences. *People v. Brown* (1973), 15 Ill.App.3d 205, 207-208. ■■ In accordance with their motions, defendants are entitled to have time served on probation credited to their prison sentences. (*People v. Decker* (1973), 15 Ill.App.3d 230; *People v. Blake* (1973), 15 Ill.App.3d 39, 44; *People v. Lewis* (1973), 14 Ill.App.3d 1083, 1087-1088.) The State contends that the Unified Code of Corrections does not apply because defendants' sentences are not less under it since only the amount of time credited to the sentences is at issue. However, in practical effect, defendants' sentences, as measured by time of actual incarceration, are less under the Code by receiving credit for time spent on probation. (See *People v. Slayton*, 16 Ill.App.3d 910.) Their *mittimus* does not reflect such crediting. The case is therefore remanded for the correction of the mittimus.

■■ It appears from the motions filed that defendant Stanley apparently is not under consideration for parole but that defendant Lutz is under consideration. We have not been formally advised that defendant Lutz has been granted parole but this fact has been suggested to us. Crediting her sentence with time served on probation could have the effect of reducing her parole time; and would affect the mandatory release date should she violate parole and be recommitted. The question of crediting their sentences for time served on probation is therefore not moot.

For the reasons stated the judgments of conviction are affirmed and the cause is remanded to the circuit court with directions to amend the *mittimus* as to each defendant in accordance with this opinion.

Judgments affirmed and cause remanded.

GUILD and RECHENMACHER, JJ., concur.