(No. 45851.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PAUL BOUCHER, Appellant.

*Opinion filed May 20, 1974.*

David C. Thomas, of Woodlawn Criminal Defense Services, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., Jerald A. Kessler, and Edward J. Ozog, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On April 26, 1971, Paul Boucher, originally indicted for theft of property over $150 in the circuit court of Cook County, pleaded guilty to the crime of theft of property under $150 (Ill. Rev. Stat. 1969, ch. 38, par. 16—1) and was sentenced to three years probation with a condition that he make restitution of $2800 to a local credit union. On August 29, 1971, defendant's probation was revoked and he was ordered incarcerated for one year in the county jail. The appellate court thereafter granted

his motion for release on bond. The order revoking probation was affirmed (*People v. Boucher,* 10 Ill. App. 3d 750), and we granted leave to appeal.

The facts herein are not in dispute. In 1970, defendant, who was the city manager of the village of Maywood, Illinois, secured a loan in the amount of $2500 from the Maywood Employees Credit Union and, in consideration thereof, pledged the title of a camper truck. Although the security agreement for this loan transaction stated that said title to this vehicle was unencumbered, there was in fact an outstanding lien of a New York bank in excess of $2000. Defendant was subsequently indicted by the Cook County grand jury for theft of property over $150, in that he knowingly obtained the funds with the intent to deprive the owner of the use and control thereof.

The record of the proceedings at which defendant pleaded guilty indicates that he sought a conference after which the charge was reduced and he was fully admonished by the trial court and his counsel of the effects of this plea. Pursuant to an agreement reached in the conference, the State recommended that defendant be sentenced to three years probation on the condition that he repay $2800 representing the face amount of the aforesaid loan and $300 interest. Defendant agreed to the terms of his probation in open court and stated that he would pay $200 a month for 14 months commencing May 15, 1971. The record establishes that the repayment period was selected to coincide with the probable termination of the proceedings involving the credit union's liquidation.

The court questioned defendant's ability to pay because he was unemployed. Defendant's counsel assured the court that payment would be made. The court warned defendant that should he fail to honor this condition, the court could sentence him to the county jail for a term of one year and fine him $1000. Four months later the State moved to revoke defendant's probation. It was established that he had made only one payment of $150 on May 15, 1971.

Defendant, who was represented by different counsel, testified at the revocation hearing that he was unsuccessful in his attempts to secure employment. His primary source of income was a welfare stipend of $256 a month, which he sent to his brother, who was caring for his three children. He also received $74 a week in unemployment compensation, but he was paying, in addition to his own rent, a substantial sum each month to care for his wife, who was in an institution.

The trial court stated that defendant freely entered into the agreement for restitution in order to receive the benefit of the probationary sentence. It further noted that defendant had acknowledged his ability to pay under the identical circumstances he was presently claiming as precluding payment. The trial court revoked probation and imposed the present sentence. The appellate court affirmed, holding that defendant freely accepted the proper conditions of probation and that his sentence was based on his conviction and not for acts occurring thereafter.

Defendant contends that his imprisonment for a nonwilful failure to make restitution violates his constitutional rights since it is tantamount to imprisonment of an indigent for failure to pay a debt. The State argues that the trial court properly acted within its sound discretion in revoking probation and such revocation under the circumstances of the case was constitutionally permissible. We need not consider this constitutional issue in light of the enactment of the Unified Code of Corrections. Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*

The Unified Code of Corrections provides that probation is a sentence. (*People v. Chupich,* 53 Ill.2d 572, 584.) In *People v. Harvey,* 53 Ill.2d 585, 590, we held that the sentencing provisions of the Code are applicable to cases on direct appeal if the sentence modification established by the Code prescribed a lesser penalty. (See also *People v. Killebrew,* 55 Ill.2d 337, 343.) Section 5—6—4(d) of the Code reads in pertinent part:

"Probation \*\*\* shall not be revoked for failure to comply with conditions of a sentence which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay." Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(d).

Under the Code, probation may be revoked only for a wilful failure to make restitution. The Code is expressly more restrictive in permitting the revocation of probation in this regard than the comparable former section of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 117—3.) We are therefore of the opinion that section 5—6—4(d) of the Code applies to this appeal under the rationale of the aforementioned cases. *Cf. People v. Marin,* 56 Ill.2d 490.

The trial court in this instance made no finding that defendant's failure to pay was a wilful violation and the record before us is insufficient to determine the character of defendant's noncompliance with the restitutional condition of probation.

During oral argument of this cause, counsel represented that defendant is presently employed and still desires to make reasonable restitution. The circumstances of this case and the aforesaid Code provision require that the judgment of the appellate court be vacated and the cause remanded to the circuit court of Cook County for further proceedings.

*Vacated and remanded.*