The People of the State of Illinois, Plaintiff-Appellee, *v.* Fred Johnson, Defendant-Appellant.

(Nos. 58704-5 cons.;

First District (3rd Division)—January 9, 1975.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen and John Kalnins, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome C. Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

This is an appeal by the defendant, Fred Johnson, from an order revoking his probation which had been granted to him after his conviction for the offenses of theft and burglary. Upon the revocation of his probation the defendant was sentenced to 3 to 10 years for each offense, to run concurrently.

On March 16, 1969, the defendant pled guilty to an indictment charging him with the offenses of theft and burglary. He was sentenced to 3 years' probation, with the first 6 months to be served in Cook County Jail. Thereafter, the defendant was again arrested and on April 16, 1971, pled guilty to the charge of theft of less than $150. For this offense he was sentenced to 50 days in the House of Corrections. Subsequently, on the petition of his probation officer, a rule to show cause was issued by the circuit court, dated February 17, 1972, seeking to revoke the prior order of probation. On March 3, 1972, the trial court entered a finding that the defendant had violated his probation by being subsequently convicted in April, 1971, and on June 23, 1972, sentenced defendant on his original convictions of theft and burglary to 3 to 10 years for each offense, to run concurrently.

We affirm the judgment and remand the cause with directions.

The defendant first argues that he was denied due process of law when, during the probation revocation hearing on March 3, 1972, he was not admonished as to his rights before he made certain admissions which, he contends, were tantamount to a plea of guilty to the charge of probation violation. During the hearing on March 3, the defendant made what appears to be a voluntary statement and further testified that he had been convicted of the crime of theft on April 16, 1971. He stated to the trial court that the conviction was the result of an arrest at which time he was found to be in possession of stolen property. In this appeal the defendant contends that these statements were equivalent to a plea of guilty to the charge that he violated the terms of his probation and that he, therefore, should have been admonished as to his rights and the consequences of his statements at the outset of the hearing, prior to their acceptance by the trial court.

Essentially the same issue was presented in *People v. Beard* (1974), 59 Ill.2d 220, recently decided by the Illinois Supreme Court. In *People v. Beard,* the defendant Delbert Beard was convicted of theft in excess of $150 and criminal trespass to a vehicle on March 28, 1968, following a bench trial in the circuit court of Cook County. He was granted probation for 2 years. In June, 1969, the State sought to revoke probation contending that defendant had failed to report to his probation officer and could not be located. A report filed by the probation officer in June, 1972, asserted that defendant had participated in a Michigan bank robbery on December 5, 1968, during the probation period, which resulted in a Federal conviction and a 25-year penitentiary sentence. His Federal conviction was affirmed on appeal.

A probation revocation hearing was conducted in June, 1972, at which Beard's attorney, after consulting him, admitted defendant's Federal conviction and his failure to report to his probation officer. The trial court revoked probation and sentenced Beard to the penitentiary for a term of 2 to 8 years. We affirmed the revocation order but vacated the sentence and directed that defendant be resentenced in accordance with the Unified Code of Corrections. *People v. Beard* (1973), 15 Ill.App.3d 663, 304 N.E.2d 707.

■■ Defendant in *Beard* contended that the admission to the act charged as a violation of his probation was entered without warnings comparable to those required by Rule 402, which, he asserted, is designed to inform an accused of the consequences of his admission and to insure its voluntary nature. In rejecting this contention and affirming this court the supreme court stated as follows:

> "Having examined the contention of defendant Beard, we do not believe that he was denied due process of law at the revocation hearing. There has never been a challenge to the conviction for which Beard was granted probation. The only factual matter involved in the revocation proceeding was Beard's failure to report to his probation officer, which could only be explained by his Federal detention and subsequent conviction in August, 1969. The fact that defendant's counsel admitted these facts eliminated a minimal necessity of proof which the State would ordinarily have been required to introduce. Defendant cannot claim that he was prejudiced by his counsel's admission nor can he claim that justice was denied. (See *People v. Dudley,* 58 Ill.2d 57, 60.)"

Likewise, in the case at bar, we find defendant's contention that he was denied due process of law to be without merit.

The defendant also contends that under the provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*)

he is entitled to credit for the time he served on probation against the 3- to 10-year sentences subsequently imposed upon him.

■■ A judgment pending on appeal has not reached a final adjudication (*People v. Chupich* (1973), 53 Ill.2d 572, 295 N.E.2d 1; *People v. Johnson* (1973), 13 Ill.App.3d 1020, 304 N.E.2d 681) and is therefore subject to the provisions of the Code, effective January 1, 1973. (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4.) That Code, at section 5—6—4 (h) provides in pertinent part:

> "Time served on probation or conditional discharge shall be credited against a sentence of imprisonment or periodic imprisonment * * *."

We note that this section has been amended by Public Act 78—939, which adds the phrase, "unless the court orders otherwise." This change in the statute is effective as of July 1, 1974 (*People v. Braddock* (1974), 17 Ill.App.3d 73, 308 N.E.2d 74; *People ex rel. Klinger v. Howlett* (1972), 50 Ill.2d 242, 278 N.E.2d 84) and, therefore, is applicable to the instant case as our decision here comes after the effective date of the amendment.

■■ For this reason, the cause will be remanded so that the trial court, unless it orders otherwise, may determine the total time spent on probation when imposing sentence and may issue an amended *mittimus* which reflects that determination so that the defendant may be credited according to the statute.

Judgment affirmed and cause remanded with directions in accordance with this opinion.

McNAMARA and MEJDA, JJ., concur.