THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BYRON HAAK, Defendant-Appellant.

(No. 73-283;

Second District (1st Division)—March 31, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Gerry Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, and James W. Jerz, of the Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Byron Haak, the defendant, appeals from a judgment under which his probation was revoked and he was sentenced to 1-7 years imprisonment for the offense of robbery.[1] He contends that violation of probation was not proved by a preponderance of the evidence, that the trial court considered improper evidence in the sentencing process and that he was improperly admonished before he entered his original guilty plea to the robbery charge. Alternatively, he claims that he is entitled to credit on his sentence for time served on probation. In a supplemental brief defendant makes the additional claim that he was denied equal protection of the law when he was indicted and tried as an adult because he was a male of 17 years when, under the statute, a female of the same age would have been treated as a juvenile. Ill. Rev. Stat. 1969, ch. 37, par. 702(2).

■■ The opinion of the Illinois Supreme Court in *People v. McCalvin* (1973), 55 Ill.2d 161, is dispositive of the constitutional issue against defendant's contention. And despite defendant's suggestion that the case was incorrectly decided and should be ignored, we cannot do so.

The challenge to the original conviction of robbery founded on defendant's guilty plea is also rejected. An appeal from an order revoking probation does not permit review of claims of error arising from the original judgment of conviction from which no appeal has been taken. (*People v. Nordstrom* (1966), 73 Ill.App.2d 168, 176, *aff'd*, 37 Ill.2d 270; *People v. Gregory* (1973), 16 Ill.App.3d 204, 205-6.) Defendant has not filed a notice of appeal from the original judgment of conviction, and the appeal before us is solely from the order revoking probation. Accordingly, the question of whether there was inadequate admonishment prior to the guilty plea is not before us. See *People v. Godsey* (1974), 22 Ill. App.3d 382, 383-4.

■■ We cannot agree with defendant's contention that the proof was insufficient to revoke probation. At the hearing the State introduced a certified copy of a judgment under which defendant was convicted and sentenced in Lake County for the offense of reckless homicide[2] committed while defendant served on probation. The evidence of the conviction for this offense, standing alone, was sufficient proof of the violation

---

[1] Defendant was originally indicted for armed robbery and was convicted of robbery upon his plea of guilty on March 9, 1970, to the lesser offense. He was placed on probation for 2 years by an order entered March 26, 1970, and following a hearing on a petition to revoke probation the probationary period was extended to a total of 4 years on April 16, 1973. The defendant's probation was revoked on May 7, 1973.

[2] Defendant appealed the conviction and in *People v. Haak* 73—229 this court affirmed the conviction but vacated the sentence and remanded the cause for a commitment for diagnostic study under the provisions of the Unified Code of Corrections. Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—3.

of probation without regard to the other technical violations of the probation order which were charged (failing to report, failing to notify the probation office of his whereabouts and failing to make restitution). It appears that defendant's reliance on *People v. McCollough* (1972), 8 Ill.App.3d 963, as authority for the proposition that section 9—3(b) of the Criminal Code defining the offense of reckless homicide (Ill. Rev. Stat. 1971, ch. 38, par. 9—3(b)) was invalid and that therefore the conviction was void, has been misplaced in view of the opinion of the Illinois Supreme Court upholding the constitutionality of the statute in *People v. McCollough*, (1974), 57 Ill.2d 440.

■■■ Defendant further contends that the trial court in this case erred in considering the remarks made by the trial judge in the reckless homicide case when passing sentence, which defendant considers inflammatory and prejudicial and which he claims resulted in substantial prejudice in this case. Presumably defendant is arguing that the remarks of another judge may have influenced the trial judge in this cause to sentence defendant to a more severe term than he otherwise would have.[3] The argument is purely speculative. The trial judge, of course, was required to sentence defendant on the basis of his original conviction for robbery and not for subsequent misconduct resulting in revocation of his probation. (*People v. Harden* (1972), 6 Ill.App.3d 172, 177.) Nevertheless, the trial court was not required to entirely disregard the defendant's actions while on probation to the extent that such conduct bore on the accused's potential for rehabilitation and could thus be reflected in the minimum sentence to be imposed. See *People v. Harden*; *People v. Driskill* (1972), 5 Ill.App.3d 46, 48-49; *People v. Ford* (1972), 4 Ill.App.3d 291, 293.

■■ Other than an indication that he had read the statement, there is no showing in the record that the trial judge considered it in determining the sentence which he imposed. Moreover, it does not appear that any objection was made to the statement of the sentencing judge in the reckless homicide case when the remarks were first made. And in the aggravation and mitigation hearing in this case, the defendant, with full opportunity to refute the basis for the statement, failed to make any effort to do so. Accordingly, there is no showing that the statement has resulted in the denial of any substantial rights of the defendant under

---

[3] The statement of the judge in the reckless homicide case of his reasons for the sentence which was attached to the certified copy of the conviction and admitted over objection in the hearing in aggravation and mitigation in this case included the remark:

"He gets himself so intoxicated he doesn't know whether he was even driving the automobile and as a result of that I am faced with the fact that there are 14 fatherless children at this time."

the circumstances. (See *People v. Ramsey* (1975), 24 Ill.App.3d 1038, 322 N.E.2d 547.) The sentence is neither unnecessarily severe nor representative of an abuse of discretion. See, *e.g., People v. Witherspoon* (1972), 9 Ill.App.3d 317, 321; *People v. Hodges* (1971), 133 Ill.App.2d 164; *People v. Gabriel* (1971), 132 Ill.App.2d 1089.

■■ We agree, however, in principle with the further contention of the defendant that he is entitled to credit for time served on probation prior to the time the State filed its petition to revoke his probation. At the time defendant's probation was revoked, on April 30, 1973, the Unified Code of Corrections contained the mandatory provision that time served on probation shall be credited against a sentence of imprisonment. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) This provision was subsequently amended to include a provision which gave the court discretion to grant the credit; however, the amendment was not retroactive in effect. (*People v. Dandridge* (1974), 20 Ill.App.3d 745, 750-751.) Defendant is therefore entitled to be credited with time successfully served on probation. See *People v. Fleming* (1974), 23 Ill.App.3d 221, 224; *People v. Lutz* (1974), 17 Ill.App.3d 1001, 1004; *People v. Decker* (1973), 15 Ill.App.3d 230.

The judgment for revocation of probation and the sentence is affirmed, and the cause is remanded to the trial court with directions to determine the amount of credit to which defendant is entitled.

Judgment affirmed; cause remanded with directions.

GUILD and HALLETT, JJ., concur.