THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GREGORY L. MEYER, Defendant-Appellant.

Fourth District   No. 13575

Opinion filed November 4, 1976.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (G. Michael Prall and Jeffrey B. Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Gregory Meyer appeals from an order of the circuit court of Adams County revoking the probation upon which he was placed for the offense of burglary, and sentencing him to 2 to 7 years' imprisonment with no credit to be given for the time he spent on probation, other than probation time actually spent in jail. He contends that the evidence at the hearing on the motion to revoke probation was insufficient to prove a violation of probation and that he is entitled to credit upon sentence for all the time he spent on probation.

The revocation petition charged defendant with violating probation by drinking alcoholic beverages and committing a burglary of a Kentucky Fried Chicken establishment. On the hearing on the petition, Donald J. Vahle was the sole witness to testify as to the burglary. He testified that he burglarized the Kentucky Fried Chicken establishment but had been drinking that night and could not remember if anyone was with him. He stated further that he had on occasion been out drinking with defendant but did not remember if defendant was with him on the evening in question. The State then attempted to question Vahle about prior inconsistent testimony he had given at a prior hearing on another case. Defendant objected. Then, over further objection of the defendant, the court took judicial notice of Vahle's prior testimony and declared Vahle to be a court's witness. After a few cross-examination questions by the State, the answers to which did not damage the defendant, the court continued the hearing.

When the hearing was later reconvened, Vahle testified that he had been sick at the time of the previous hearing but that he could now remember that the defendant was with him on the evening in question. Vahle testified to the details of how he and defendant committed the burglary. Vahle admitted that he had been sentenced upon a revocation of probation, at which time the court considered his conduct in committing the burglary with defendant. He stated, however, that no promises had been made to him to obtain his testimony against the defendant. Upon the conclusion of this evidence, the court found that the defendant had committed the burglary charged.

■■ ■ Defendant's contention that the evidence was insufficient to support the finding of the court is based upon the obvious unreliability of Vahle's testimony. Defendant recites the rule that uncorroborated

testimony of an accomplice shown to be unreliable is insufficient to support a conviction, citing *People v. Mostafa* (1971), 5 Ill. App. 3d 158, 274 N.E.2d 846. That rule, however, is only applicable to the proof of the guilt of a crime when the burden is upon the State to prove the guilt beyond a reasonable doubt. In a proceeding to revoke probation, the State need prove the allegations of the petition only by a preponderance of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721; Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(c).) A reviewing court should reverse only if the finding of the trial court is contrary to the manifest weight of the evidence. (*Crowell.*) The testimony of Vahle was a direct account of the occurrence. Although his reliability was strongly impeached, his testimony had some weight. Since there was no contrary evidence, we cannot say that the trial court's finding was contrary to the manifest weight of the evidence.

■■ Defendant also argues that the trial court erred in taking judicial notice of Vahle's prior testimony. He does not request a rehearing on this basis. Rather, he argues that the trial court could not consider this testimony in the proof of the probation violation. He is correct in this regard, of course, but no indication exists that the court considered the prior testimony as substantive evidence in this case. This court also is relying entirely on the evidence given in hearing by Vahle in ruling that the evidence was sufficient to support the finding of the probation violation.

The dispute as to whether defendant is entitled to credit for time served on probation involves the relationship between two statutory changes and the time sequence of events in the case. When defendant committed the original burglary, plead guilty thereto and was placed on probation, a defendant sentenced to imprisonment upon revocation of probation was not entitled to credit for the time served on probation. Thereafter, on January 1, 1973, while defendant was serving probation, section 5—6—4(h) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—6—4(h)) became effective and provided that upon resentencing after revocation of probation, the court should credit the defendant's sentence with the time he had served on probation. Defendant was on probation during the entire time this provision was in force. Effective July 1, 1974 (see *People v. Goetz* (1975), 27 Ill. App. 3d 680, 327 N.E.2d 516), this section was amended to provide that a defendant was entitled to this credit unless "the court orders otherwise." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4(h).) After July 1, 1974, defendant's probation was, upon petition, extended for an additional two years, the burglary of the Kentucky Fried Chicken establishment occurred, defendant's probation was revoked, and sentence was imposed.

We ruled in *People v. Willingham* (1976), 38 Ill. App. 3d 612, 349 N.E.2d 120, that a defendant sentenced to imprisonment upon revocation of probation after July 1, 1974, was nevertheless entitled to credit for time served on probation if the original offense occurred between January 1, 1973, and July 1, 1974, the time when section 5—6—4(h) provided for mandatory credit. We have not heretofore ruled as to the right to credit where, as here, the original offense, conviction and placement on probation all occurred before the enactment of section 5—6—4(h).

The appellate courts for the first and third districts have ruled in *People v. Reese* (1976), 37 Ill. App. 3d 820, 347 N.E.2d 451, and *People v. Peach* (1976), 39 Ill. App. 3d 757, 350 N.E.2d 583, respectively, that under these circumstances a defendant is entitled as a matter of right to credit upon the sentence. In *Peach*, the court stated that any interpretation of the present provision of section 5—6—4(h) which would deny credit would give the provision an *ex post facto* effect. On the other hand, the appellate court for the second district stated dictum to the contrary in *People v. Houston* (1975), 27 Ill. App. 3d 834, 327 N.E.2d 314. In *People v. Johnson* (1975), 25 Ill. App. 3d 503, 323 N.E.2d 539, where the original conviction and probation revocation had occurred before January 1, 1973, and where following an appeal, the case was remanded for sentencing after July 1, 1974, the appellate court for the first district ruled that upon resentence, the granting of credit for the first time served on probation was a matter of discretion for the sentencing court.

■■ We deem analogy to the ruling in *People v. Williams* (1975), 60 Ill. 2d 1, 17, 322 N.E.2d 819, 828, to control our ruling here. There, prior to January 1, 1973, a defendant was given a sentence consecutive to a sentence in another case. The minimum sentence conformed to the law in force when given. On January 1, 1973, while the case was on appeal, section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1972 Supp., ch. 38, par. 1005—8—4(c)) became effective and provided, "The aggregate minimum period of consecutive sentences shall not exceed twice the lowest minimum authorized under Section 5—8—1 for the most serious felony involved." The minimum sentence imposed was excessive by that standard. Prior to the determination of the case in the supreme court, section 5—8—4(c) was amended. The sentence that had been imposed was within the limits of that section as amended. The court held, however, that the defendant was entitled "to the benefit of the more favorable intervening statute" and remanded for a new sentence. In the instant case, the more favorable intervening statute in effect from January 1, 1973, to July 1, 1974, mandated credit upon resentencing for the time served on probation. Defendant here was entitled to that credit.

We affirm the order revoking probation and the portion of the sentence ordering the defendant imprisoned for a term of 2 to 7 years. We reverse

the portion of the sentence denying defendant credit for time served on probation and remand to the trial court for issuance of an amended mittimus conforming with this opinion.

Affirmed in part, reversed in part, and remanded with directions.

CRAVEN, P. J., and SIMKINS, J., concur.