THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID L. ROLLAND, Defendant-Appellant.

Fifth District    No. 78-90

Opinion filed June 19, 1979.—Rehearing denied July 31, 1979.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, for
appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Raymond F. Buckley, Jr., of
State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the
opinion of the court:

The defendant David L. Rolland appeals from a fine of $500 imposed
on revocation of conditional discharge on the offense of driving while
license suspended.

On January 17, 1977, pursuant to a negotiated plea, defendant
pleaded guilty to driving while his license was suspended and was

sentenced to one year conditional discharge. Incident to that conditional discharge were seven days periodic imprisonment and a $500 fine, which was to be paid at the rate of $50 per month.[1] On April 25, 1977, the State filed a petition to revoke defendant's conditional discharge, which alleged defendant's wilful refusal to pay his fine. After the hearing on the petition, the court continued defendant on the conditional discharge with the provision that payments were to commence on July 5. A second petition to revoke defendant's conditional discharge was filed on August 17, 1977. This petition alleged "[t]hat the Respondent David Rolland has wholly failed and neglected to pay the installment on his fine due on August 5, 1977."

On September 23, 1977, a hearing was conducted on the second petition to revoke defendant's conditional discharge. The State conceded that the August payment had been made but contended that defendant had violated the conditional discharge as the payment was not timely. The State further contended that it mattered not whether defendant wilfully failed to pay. The court refused to allow evidence that defendant did not wilfully refuse to pay on the August due date. Defendant testified that during July and August, he was employed by William Dyer in the construction of pole barns. Due to inclement weather, defendant worked only 17 hours during the week of August 5. Defendant received his paycheck on Friday, August 19, and made the August payment the following Monday. Defendant was also making $100 per month support payments for his children and his wife, from whom he is separated. The court revoked defendant's conditional discharge on the basis that his fine payment was not timely.

On September 28, 1977, defendant completely paid his fine and court costs. On October 4, 1977, the sentencing hearing was held. The State presented defendant's prior convictions for theft and burglary in aggravation. Defendant testified in mitigation that he had been doing construction work for approximately a month for Gary Daugherty at $5 per hour. He had been laid off by Dyer after two months' employment because defendant had been injured. Defendant had problems obtaining employment due to his prior record. The court sentenced him to pay another fine of $500 plus court costs within 90 days of the sentencing hearing.

■■ The first error occurred when the court refused to hear evidence on whether defendant's failure to pay was wilful. Section 5—6—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(d)) provides that a conditional discharge shall not be revoked for failure

---

[1] The defendant contends that he was convicted of a petty offense (Ill. Rev. Stat. 1975, ch. 95½, par. 6—601(c)(2)). The State contends that defendant was convicted of a Class A misdemeanor (Ill. Rev. Stat. 1975, ch. 95½, par. 6—303(a)). A disposition of this appeal does not require that we determine of what degree offense defendant has been convicted.

to comply with conditions of a sentence which imposes financial obligations upon the offender unless such failure is due to his wilful refusal to pay. (*People v. Boucher*, 57 Ill. 2d 225, 311 N.E.2d 679.) Therefore, the trial court improperly revoked defendant's conditional discharge.

■■ The second error occurred when the court resentenced defendant to a fine of $500, which was to be paid within 90 days. If defendant could not make timely payments of $50 per month for 10 months, the trial court surely could not have considered defendant's financial resources and future ability to pay (Ill. Rev. Stat. 1975, ch. 38, par. 1005—9—1) in imposing an additional fine of $500. Due to defendant's lack of skills and his criminal record, defendant was limited to performing manual labor which is subject to seasonal unemployment in the fall, during which defendant was to pay the new fine. More important, defendant had completely paid his initial fine ahead of schedule, prior to the sentencing hearing. We fail to see how the additional fine has any relationship to either the seriousness of the offense or the objective of restoring defendant to useful citizenship. (Ill. Const. of 1970, art. I, §11.) Therefore, the resentence was error. *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.

Because the trial court failed to find that defendant wilfully failed to pay his fine, the conditional discharge was improperly revoked, and the judgment of the circuit court of Montgomery County is reversed.

Judgment reversed.

JONES and KUNCE, JJ., concur.